GREEN, J.
delivered the opinion of the court.
This bill is fi]ed to restrain the sale of a negro slave, Daniel, who, the complainant alledges, is the property of the estate of his intestate, and who has been levied on at the instance of Ramsey, by the other defendants, who are constables, by virtue of executions against Henry Kersey, by virtue of which executions said slave was taken out of complainant’s possession.
The answer admits the levy of the executions on Daniel, but insists that said slave belongs to Kersey, the defendant in the executions; that he was given to the daughter of the complainant’s intestate, who is the wife of said Kersey, by deed, and was in the possession of said Kersey, whereby his marital rights attached. It appears from the proof, that the complainant’s intestate executed a deed of gift to his daughter Elizabeth Ker- *351 sey for Daniel and a girl named Milly, dated 27th May, 1840,, This deed remained in his possession until his death, and was found among his papers. He was heard to say, after the deed was made, that if he lost a suit in which he was then engaged, as the surety of Henry Kersey, he intended the girl Milly to pay the debt, and if she would not be sufficient, Daniel should go to pay it. The deed, with other papers of the complainant’s intestate, were placed in the office of the county court clerk; and being found there, was proved.
The only question is, whether this deed was ever delivered as such, or was intended by Butcher to take effect, by his act of acknowledgment before witnesses.
It is certainly true, that no1 formal manual delivery to the .grantee is necessary to the validity of a deed. If, by his conduct and declarations, he evinced that he considered the act complete jjjjgnhe acknowledged it before subscribing witnesses, that would be sufficient to vest the title in the donee. But the mere fact, that the paper is found signed and witnessed, would not have that effect.
We think, therefore, there should have been some evidence that the paper was delivered, or that the intestate intended his signature and acknowledgment before witnesses as vesting the title, and completing all that was necessary for him to do to effect that object. But no such proof is ‘in the record. On the contrary, there is proof that he retained the deed in his possession, and withheld it from Kersey, until he should ascertain whether a suit would be determinéd against him.
These circumstances are persuasive, that no act was done by the donor by which the title to the slave vests in the donee; and they are sufficient to place the mus of proof upon the defendant, that such act was done.
Reverse the judgment, and decree for the complainant.